IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| XIAOJUN WANG,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE, AND 445.COM,<br><br>　　　　　　Defendants. | Case No. _____<br><br>ORIGINAL COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT

This *in rem* action is made pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), in which Plaintiff Xiaojun Wang ("Plaintiff") makes the following allegations against Defendants John Doe ("JD"), and the domain name 445.com, (the "Domain Name").

## PARTIES

1.　　Plaintiff Xiaojun Wang is a citizen of the People's Republic of China, located at Longchuanping Group, Sanli Village, Tuokou Town, Hongjiang, Hunan, China.

2.　　The subject Domain Name, 445.com—*i.e.*, the *res* of this *in rem* action—is an internet domain name, which is rightfully owned by Plaintiff.  Defendant Domain Name and its registry, Verisign, Inc., are all located within this judicial district.  Verisign, Inc.'s primary place of business is 12061 Bluemont Way, Reston, VA 20190.

3.　　Defendant John Doe is a person of unknown identity who gained unauthorized access to Plaintiff's protected domain name registrant account and, without consent or authority, transferred control of Defendant Domain Name away from Plaintiff.

## JURISDICTION AND VENUE

4. This Court has *in rem* jurisdiction over the subject Domain Name pursuant to the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. §1125(d), insofar as the registry for the Domain Name, VeriSign, Inc., is located within this judicial district at 12061 Bluemont Way, Reston, VA 20190.

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

6. Venue is proper in this judicial district pursuant to 15 U.S.C § 1125(d)(2)(C) as the subject registry, Verisign, Inc., is located within this judicial district at 12061 Bluemont Way, Reston, VA 20190.  Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2), as the subject of this action—the Domain Name, 445.com—resides in this judicial district.

7. The Declaratory Judgment Act, 28 U.S.C. §2201, provides for a declaration of the rights of the Plaintiff in this matter.

## NOTICE

8. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive relief is being sent to Defendant JD at schwartzviolet846sv@gmail.com, which is the registrant email address Defendant JD initially listed at GoDaddy.com after illegally hacking into Plaintiff's Godaddy.com registrant account and obtaining unauthorized access to the subject Domain Name.  Additionally, notice is being sent to the current WHOIS address on the subject Domain Name which is NameSilo, LLC, abuse@nammesilo.com, and PrivacyGuardian.org, 1928 E. Highland Ave. Ste F104 PMB# 255, Phoenix, AZ 85016, pw-aaw448fb3bcb4e75f03d1ad4ecee6483@privacyguardian.org.

ORIGINAL COMPLAINT, CASE NO. _2_ - PAGE 2

9. Plaintiff is providing notice contemporaneously with the filing of this complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action, as the court may direct after filing of this Complaint. Furthermore, a request to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is being sent as well.

## FACTUAL BACKGROUND

10. Plaintiff Xiaojun Wang is the rightful owner of the Domain Name, 445.com.

11. Plaintiff maintained the Domain Name at GoDaddy.com LLC ("GoDaddy"), a domain name registrar that owns GoDaddy.com, located at 14455 N. Hayden Rd. #219, Scottsdale, AZ 85260. Plaintiff's GoDaddy registrar account is registered under the email address bodog68bs3529hq12s@gmail.com with the customer number 169449953, Declaration of Xiaojun Wang ("Wang Decl."), attached hereto as Exhibit A at ¶ 4.

12. The Defendant Domain Name, 445.com, was used in commerce in conjunction with online services by Plaintiff as early as May 2020. Ex. A at ¶ 10. Plaintiff owned and used the Domain Name in commerce until the Domain Name was unlawfully taken without consent into Defendant JD's control around January 22, 2021. *Id*. at ¶ 6. The Domain Name has generated $500 in revenue and 3000 visits on average each day since its first operation.

13. The illegal transfer of the Defendant Domain Name occurred around January 22, 2021, by an unnamed individual using an email account of schwartzviolet846sv@gmail.com.

14. After learning of the hacking, Plaintiff immediately reported it to GoDaddy on Mach 10, 2021; however, at this time, the issue remains unresolved.

15. Upon information and belief, Defendant JD hacked into Plaintiff's GoDaddy.com account and illegally transferred the Domain Name to NameSilo, LLC ("NameSilo"), a domain

name registrar that owns NameSilo.com, located at 8825 N. 23rd Ave, Suite 100, Phoenix, AZ 85021.  Plaintiff did not consent to or authorize this transfer.

16. Currently, the Domain Name is still under the unauthorized control of Defendant JD and is being maintained at NameSilo.  However, Defendant JD is now using privacy protection to hide his personal information and conceal the registrant account information at NameSilo.com for the subject Domain Name.

17. Defendant is currently offering to transfer, sell, or otherwise assign the Defendant Domain Name for a total of $650,000.00 U.S. Dollars.  *See* Ex. A at ¶ 12.

18. Plaintiff has retained this law firm to retrieve the Defendant Domain Name and take legal action against those responsible for the illegal transfer.

## COUNT I
## CLAIM FOR DECLARATORY JUDGMENT

19. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint, as though fully set forth herein.

20. An actual and justiciable controversy exists between Plaintiff and Defendant JD as to whether Plaintiff is the rightful owner of the Domain Name.

21. Plaintiff had a contract with GoDaddy for control over the subject Domain Name.

22. Defendant JD's express actions to wrongfully hack into Plaintiff's GoDaddy.com account and illegally transfer the Domain Name to NameSilo without the authorization of Plaintiff, places the Domain Name solely under Defendant JD's dominion and control to the exclusion of Plaintiff.

23. The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, provides for declaration of the rights of the Plaintiff in this matter.

## COUNT II
## ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

24. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint, as though fully set forth herein.

25. Plaintiff is the owner of the mark 445.com (the "Mark"), which is protected under 15 U.S.C. § 1125(a) and (d).

26. Plaintiff owned and used the Mark and Domain Name in commerce since its registration until the Domain Name was unlawfully transferred without Plaintiff's consent to Defendant JD's control.

27. The Domain Name is identical to and/or confusingly similar to the Mark owned by Plaintiff.

28. Defendant JD has transferred and registered the Domain Name with bad faith intent to profit from the Domain Name and Mark. For example, Defendant JD has offered to transfer, sell, or otherwise assign the Defendant Domain name to the mark owner and any third party for financial gain without ever having used, or having an intent to use the Defendant Domain Name with the offering of any goods or services, *i.e.*, Defendant JD is currently offering to sell the Defendant Domain Name for $650,000.00 U.S. Dollars without offering any goods or services under the Defendant Domain Name.

29. As a direct result of Defendant JD's actions, Plaintiff is being prevented from using and exercising control over the subject Domain Name and Mark.

30. Furthermore, Plaintiff is being harmed by not having access to his Domain Name or Mark.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment against the Defendants, as follows:

      A.      Declaring that Plaintiff is the only entity with any rights to the contract controlling the subject Domain Name.

      B.      Declaring that Defendant JD does not have any rights to the subject Domain Name.

      C.      ORDERING Verisign, NameSilo, and/or GoDaddy.com to return control of the Domain Name to Plaintiff's account as instructed by Plaintiff's counsel.

      D.      Granting such other and further relief to Plaintiff as this Court deems just and proper.

DATED March 26, 2021.                    Respectfully submitted,

                                                                                       By: */s/ Steven War*
Steven War (VSB # 45048)

**War IP Law PLLC**
5335 Wisconsin Ave, NW, Suite 440
Washington, DC 20015
Tel: (202) 800-3751
Fax: (202) 318-1490
steve@wariplaw.com

By: */s/ Timothy T. Wang*
Timothy T. Wang (*pro hac vice to be filed*)
Texas Bar No. 24067927
twang@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140nut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF
XIAOJUN WANG**

ORIGINAL COMPLAINT, CASE NO. 7 - PAGE 7