IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Xiaqjun Wang,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )                  Case No. 1:21-cv-00377
                                       )
John Doe and 445.com                   )
                                       )
        Defendants.                    )

Memorandum of Law in Support of Motion to Dismiss for Lack of Jurisdiction
or, in the alternative to transfer Venue

Comes Now Richard Blair (hereinafter Blair), by Counsel appearing by Special

Appearance to dispute jurisdiction, and files this Memorandum of Law in support of his Motion

to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(3) or, in the

alternative, to transfer venue to the Northern District of California.

Background

The matter before the Court relates to the domain name 445.com.  The true owner of

445.com, Richard Blair, purchased 445.com after negotiations conducted in January of 2021

through a domain sale broker, Sedo.com.  See Declaration of Richard Blair, exhibit 1 hereto.

The Plaintiff is seeking to take Blair's domain name through an *in rem* proceeding where such a

proceeding is not available pursuant to the Anticybersquating Consumer Protection Act (ACPA)

which permits proceeding *in rem* only where the Plaintiff, after exercising due diligence to seek a

Defendant to serve, is unable to identify a person to be a defendant.  15 U.S.C. § 1125(d).  As

there is a Defendant to serve, which if the Plaintiff had exercised due diligence he would have

1

located, and as this Court lacks personal jurisdiction over the true owner of the subject domain name, this matter should be dismissed.

1. <u>*In Rem* Relief pursuant to the Anticybersquating Consumer Protection Act (ACPA)</u>

The Anticybersquating Consumer Protection Act (ACPA) permits proceeding *in rem* only where the Plaintiff, after exercising due diligence to seek a Defendant to serve, is unable to identify a person to be a defendant.  15 U.S.C. § 1125(d).  While the statute requiring "due diligence" specifies two specific actions that must be undertaken, sending a notice to the postal address and email address provided by the registrant and publishing as the court may direct promptly after filing the action, these clearly do not exclusively define "due diligence."

After purchasing 445.com, Blair placed a "contact owner" link on the domain page associated with 445.com.  This ling provided a way for Blair, the true owner of 445.com, to be contacted.  No communications were received through this link.  <u>See</u> Declaration of Blair, Exhibit 1, ¶¶ 9-11.  The Plaintiff referenced in his complaint this communication tool, but failed to use it to reach the true owner.  <u>See</u> Complaint, dkt 1 at 17 and Complaint Exhibit A-2, dkt 1-3 (showing the "contact owner" link).  The Plaintiff, therefore, knew of a means of contacting the true owner but failed to do so.

In the matter before the Court, where the true owner of the domain name in dispute placed on the web page associated with the domain name a means for contacting the owner, due diligence must include using this method.  As the Plaintiff here did not use this communication tool, the Plaintiff did not exercise due diligence to locate a Defendant to be served and *in rem* jurisdiction is not available.

2

Further, the ACPA permits an assertion of *in rem* jurisdiction only where there is no Defendant to serve.  See 15 U.S.C. § 1125(d).  As there is a Defendant to be served in the Northern District of California, *in rem* jurisdiction is not available and this Court has no subject matter jurisdiction.

2. Lack of Personal Jurisdiction

Under well established principles of personal jurisdiction, for this Court to assert personal jurisdiction of Blair, he must have purposefully established such minimum contacts with Virginia such that exercise of jurisdiction over him would comport with notions of fair play and substantial justice.  See International Shoe v. Washington, 326 U.S. 310 (1945) and progeny.  Such minimum contacts must be based on some act by which the defendant purposely avails himself of the privilege of conducting business in the forum state and invoking the protection of the forum state's laws such that he should reasonably anticipate being haled into court in the forum state.  See World-Wide Volkswagen Corp. V. Woodson, 444 U.S. 286 (1980) and Burger King v. Rudzewicz, 471 U.S. 462 (1985).

In the matter before the Court, Blair – the true owner of 445.com – has no contacts with Virginia.  See Declaration of Richard Blair, Exhibit 1.  Blair owns no real estate, has no business interests in Virginia and does not reside in Virginia.  Id.  Further, the Complaint alleges no contacts of any kind.  Given the complete lack of contact with Virginia, this Court has no basis to assert personal jurisdiction over Blair.

3. <u>Venue Improper</u>

Should this Court determine that it has jurisdiction over Blair, the proper venue for this matter would be the Northern District of California.  Venue is proper in 1) a judicial district where any defendant resides; 2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or 3) if there is no district in which the action may otherwise be brought, any district in which any defendant is subject to personal jurisdiction with respect to the action.  28 U.S.C. § 1391.

Blair, the true owner of 445.com, resides in the Northern District of California.  Should there be any "facts" to support the Plaintiff's allegations,[1] the evidence would be in the Northern District of California where Blair resides.  Further, the Northern District of California is more convenient for Mr. Blair, who maintains no offices, books or records in Virginia and cannot be any more inconvenient for the Plaintiff who resides in China.

<u>Conclusion</u>

The Complaint in this matter should be dismissed for lack of jurisdiction, both subject matter and personal, as well as improper venue pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(3).

---

[1] For purpose of this motion, the allegations in the complaint are, of course, not being disputed.  Blair reserves the right, as the true owner of 445.com, to assert all defenses should this matter proceed to trial on the allegations made by the Plaintiff.

The Plaintiff is proceeding solely *in rem* and *in rem* jurisdiction is not available pursuant to the terms of the ACPA based on the Plaintiff failing to use due diligence to locate a Defendant and there being a Defendant available to be served.  This Court, therefore, does not have subject matter jurisdiction in this matter.   Similarly, this Court does not have personal jurisdiction over Blair who has no contacts with Virginia.  Finally, venue is not proper before this Court.

Wherefore it is respectfully requested that this Court dismiss the Complaint in this matter or, in the alternative, transfer this matter to the Northern District of California.

Dated: May 7, 2021

/s

_____
Jonathan D. Westreich, Esq.

Jonathan D. Westreich, Esq. (VSB No. 37393)
Stevan Lieberman, Esq., (Not admitted in Virginia)
Greenberg & Lieberman, LLC
604 Cameron Street
Alexandria, Virginia 22314
(703) 299-9050
Fax: 703-548-1831
jonathan@westreichlaw.com
stevan@aplegal.com

Jason Schaeffer, Esq. (Not admitted in Virginia)
Esqwire.com, P.C.
1908 Route 70 East
Cherry Hill, New Jersey 08003
856-874-9651
jason@esqwire.com

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2021 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Steven War, Esq.
War IP Law, PLLC
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
steve@wariplaw.com

/s
_____
Jonathan Westreich, Esq.